Harry Lewis Drewa v. Commissioner. Rose Hamlin Drewa v. Commissioner.
Drewa v. Commissioner
Docket Nos. 23840, 24522.
United States Tax Court
1951 Tax Ct. Memo LEXIS 115; 10 T.C.M. (CCH) 814; T.C.M. (RIA) 51253; August 30, 1951
*115 John A. Erhard, Esq., 1010 Nat'l City Bldg., Dallas, Tex., for the petitioners. Jackson L. Bailey, Esq., for the respondent. JOHNSON Memorandum Opinion JOHNSON, Judge: In these consolidated proceedings respondent determined income tax deficiencies for the calendar year 1947 as follows: Docket
No.
Petitioner
Deficiency
23840
Harry Lewis Drewa
$1,736.72
24522
Rose Hamlin Drewa
1,675.34
All facts were stipulated, and the amended stipulation of facts is adopted as the findings of fact. [The Facts] The petitioners are husband and wife residing in Dallas, Texas. They filed individual income tax returns for the calendar year 1947 on a community property basis with the collector of internal revenue for the second district of Texas. During the fiscal year ended March 30, 1947, petitioner, Harry Lewis Drewa, hereinafter referred to as petitioner, and Ed Ives were equal partners in a partnership which operated under the name of "Ives & Drewa", which firm was engaged in the purchase and sale of used cars in Dallas, Texas. A partnership return of income for the fiscal year ended March 30, 1947, was filed with the collector of internal revenue *116 for the second district of Texas. Both petitioner, individually, and Ives & Drewa, a partnership, used the cash basis of accounting. [Opinion] The parties have entered into a stiplation which leaves for our decision only the question of whether the Commissioner erred in failing to subtract from gross receipts, as cost of goods sold, the excess over the O.P.A. ceiling prices paid by the firm of Ives & Drewa for used cars, sold by the firm during the fiscal year ended March 30, 1947. Ives & Drewa did within the period specified make payments for such merchandise in excess of ceiling prices then established by the Office of Price Administration, and the amounts of such payments and other facts relating thereto are contained in the amended stipulation of facts. The identical question here presented we have passed upon adversely to respondent's contention in . For the reasons therein stated, we adhere to our holding in that case and accordingly the point in controversy is decided for the petitioners. Decisions will be entered under Rule 50.